FILED
IN OPEN COURT

FEB 23 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:17cr____30 |
| v. | ) | |
| | ) | 18 U.S.C. § 371 |
| | ) | Conspiracy to Defraud the United |
| | ) | States |
| BRENDA BENN, | ) | (Count 1) |
| (Counts 1, 2) | ) | |
| | ) | 26 U.S.C. § 7206(2) |
| | ) | Aiding the Preparation of False |
| | ) | Tax Returns |
| KEVIN TOWNS, | ) | (Counts 2 – 17) |
| (Counts 1, 3 – 10) | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHANIE TOWNS, | ) | |
| (Counts 1, 11 – 17) | ) | |
| | ) | |
| Defendants. | ) | |

INDICTMENT

February 2017 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

At all times relevant to this indictment:

General Allegations

1. From in or before July 2009 through in or about February 2014, the exact dates being unknown, A Plus Tax Services, L.L.C. ("A Plus") and NN Financial (collectively referred to as "the businesses") were tax preparation businesses that operated in Suffolk, Virginia, and Portsmouth, Virginia, both within the Eastern District of Virginia. The businesses had storefronts at 340 Lakeside Street, Suffolk, VA 23434; and, temporarily at 2601 Airline Boulevard, Portsmouth, VA 23701.

2. The owner of A Plus and NN Financial was defendant BRENDA BENN. BENN was primarily responsible for the administrative functions associated with managing the business, including but not limited to paying the employees and paying the operating costs. Over the years, the businesses employed several seasonal (typically January through April) tax preparers ("subordinate preparers") who would perform tax preparation services.

3. Defendants KEVIN TOWNS and STEPHANIE TOWNS were the principal tax preparers. BENN occasionally prepared taxes. Additionally, defendant KEVIN TOWNS served as the main supervisor of subordinate preparers working at A Plus or NN Financial.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States. For individual taxpayers, this was generally done through an evaluation of U.S. individual income tax returns.

5. Pursuant to the Internal Revenue Code and the Treasury Regulations promulgated thereunder, individual taxpayers were generally required to report their income, deductible expenses, and tax liabilities on a U.S. Individual Income Tax Return, Form 1040, ("Form 1040"), which is required to be filed with the IRS. Tax returns for the previous year were required to be filed with the IRS by April 15 of the following year, but late returns could be filed and would be accepted.

### Schedules

6. Form Schedule A was used to calculate a taxpayer's itemized deductions. Itemized deductions are specific deductions from a taxpayer's income that represent money spent for certain goods and services throughout the year. Specific deductions allowed by the IRS included mortgage interest, medical expenses, gifts to charity, and job expenses. Taxpayers

opting to itemize qualifying deductions were required to keep track of these tax-reducing expenses incurred throughout the year.

7.  Form Schedule C was used report the profit or loss generated from an individual's solely-owned business, provided that the business was not a corporation.

### Earned Income Credit

8.  The Earned Income Credit ("EIC") was a refundable tax credit available to certain taxpayers with dependents and other qualifying characteristics. As a tax credit, the EIC was subtracted from the taxpayer's overall tax liability. It could also result in a refund even when the tax liability was zero. The EIC was calculated based on multiple variables including, among others, the taxpayer's income, marital status, filing status, and number of qualifying children.

9.  A "qualifying child" was a dependent of the taxpayer who met specific eligibility criteria, including time residing with the taxpayer, relationship to the taxpayer, age, and disability. These criteria included a requirement that the child live at least one-half of the year (one year if an eligible foster child) in the taxpayer's home. Additionally, the child was required to be related by blood, legally adopted, or an eligible foster child to the taxpayer and had to be under the age of 19 (or age 24 if a student), unless totally disabled. Additional qualifying children could increase the amount of a taxpayer's EIC.

10. Due to the method used to calculate the EIC, there was a particular range of income that maximized the amount of EIC that a taxpayer could claim. This range was commonly referred to by some tax preparers as "the sweet spot." A taxpayer's EIC would increase as his or her income increased until it reached "the sweet spot," after which additional income would cause the amount of a taxpayer's EIC to decline until it reached zero.

### American Opportunity Credit

11. The American Opportunity Credit ("AOC") was a tax credit available for qualifying taxpayers who incurred undergraduate college education expenses. The credit provided up to $2,500 in tax credits on the first $4,000 of "qualifying educational expenses," which included course materials and tuition paid for by the taxpayer. "Qualifying educational expenses" did not include expenses that had been paid for with tax-free education assistance, such as scholarships, grants or assistance provided by an employer.

12. Individuals could claim the AOC for themselves or their dependents if the student was, among other requirements, enrolled at least half-time in a college, university, or other accredited post-secondary educational institution ("school").

13. Schools were required to file a Form 1098-T with the IRS for each enrolled student for whom there was a reportable transaction. Reportable transactions included certain tuition payments, fees, and expenses for course materials. To claim the AOC, the taxpayer was required to include the pertinent student's Form 1098-T with his or her Form 1040.

14. Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits) ("Form 8863"), was a form filed with a Form 1040 to calculate and claim eligibility for education credits, including the AOC.

### Credit for Child and Dependent Care Expenses

15. The Credit for Child and Dependent Care Expenses ("Child and Dependent Care Credit") was a credit for qualifying expenses paid for the care of dependent children thirteen years old or younger while the taxpayer worked or looked for work. Taxpayers could claim up to $3,000 in qualifying expenses actually incurred per dependent child, up to a total of $6,000 if there were additional dependents.

16. IRS Form 2441, Child and Dependent Care Expenses, was a form filed with a Form 1040 to calculate and claim eligibility for child and dependent care expenses. Taxpayers attempting to claim this credit must state on this form the amount of qualifying expenses paid for dependent care.

## Other Definitions

17. Any individual who, for compensation, prepares all or substantially all of a tax return or claim for refund is required to have a Paid Preparer Tax Identification Number ("PTIN"). Paid tax return preparers must indicate their PTIN on tax returns they prepare on another's behalf.

18. An Electronic Filing Identification Number ("EFIN") is a number assigned by the Internal Revenue Service to preparers that are accepted into the fed/state e-file program. To become an authorized IRS e-file provider, preparers must submit an application and undergo a screening process. This number allows preparers, with their client's authorization, to electronically file tax returns with the IRS.

19. The factual allegations of paragraph 1 through 15 of these general allegations are realleged and incorporated by reference into each of the counts listed below, as if fully stated therein.

## COUNT ONE

THE GRAND JURY CHARGES THAT:

1. Beginning in or before July 2009 and continuing until in or about February 2014, the exact dates being unknown, in the Eastern District of Virginia, the Defendants BRENDA BENN, KEVIN TOWNS, and STEPHANIE TOWNS, did knowingly and unlawfully combine, conspire, confederate and agree together and with each other to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of

the Internal Revenue Service (IRS) of the Treasury Department of the United States in the ascertainment, computation, assessment, and collection of revenue: to wit, federal individual income taxes.

## Objects of the Conspiracy

2. It was an object of the conspiracy that the defendants, together would endeavor to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the collection of revenue: to wit, federal individual income taxes.

3. It was further an object of the conspiracy that the defendants, together and with each other, would prepare for a fee false income tax returns on behalf of their clients in order to secure higher tax refunds than their clients were entitled to. In so doing, the defendants fostered good will with their clients and generated repeat business from which they profited.

## Ways, Manners, and Means of the Conspiracy

4. It was part of the conspiracy that defendants and their co-conspirators, operating under the business names A Plus Tax Services, L.L.C, and NN Financial, held themselves out as tax return preparation professionals who offered the services of preparing and filing U.S. Individual Income Tax Returns to paying customers ("customers" or "clients").

5. It was a further part of the conspiracy that the defendants falsified information contained in IRS forms regarding income, expenses, dependents, and other details relevant to determining whether a taxpayer qualified for certain deductions and credits. For example, the defendants, as an agreed upon practice, falsified items such as medical expenses, job expenses, and gifts to charity (or "charitable contributions"), that could be deducted from their clients' taxable income, thus reducing their clients' tax liabilities. Additionally, the defendants, as an agreed upon practice, falsified tax returns by claiming dependents, education expenses, child

6

care expenses, such that their clients qualified for and maximized the benefits of the EIC, AOC, and the Child and Dependent Care Credit, thus increasing the tax refunds that their clients would receive.

6. It was further part of the conspiracy that the defendants would train subordinate preparers working at A Plus and NN Financial in how to state these false claims in their clients' tax returns.

7. It was further part of the conspiracy to make false claims on their clients' tax returns without receiving proper documentation or authorization from their clients.

8. It was further part of the conspiracy for A Plus and NN Financial preparers to not review the completed tax returns with their clients.

9. It was further part of the conspiracy that the defendants would and did file or cause to be filed with the IRS the fraudulently prepared returns and forms for their customers.

10. It was further part of the conspiracy that the defendants would and did profit from the scheme by charging their customers a fee for the tax preparation services they provided.

11. It was further part of the conspiracy for A Plus and NN Financial to use the services of a third party processor to receive tax refunds on behalf of their clients, to deposit tax preparation fees into A Plus' or NN Financial's business bank account, and to remit checks to the clients, which represented their tax refunds.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the defendants and others committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following: the defendants performed at least one of the following acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

12. On or about July 20, 2009, BENN applied for an electronic filing identification number with the IRS. BENN was listed as the main applicant and the primary point of contact. KEVIN TOWNS was listed as the alternate point of contact. The IRS subsequently issued the EFIN.

13. For tax years 2009 through 2012, the vast majority of tax returns filed using that EFIN were filed by KEVIN TOWNS and STEPHANIE TOWNS.

14. In or about December 2013, after the EFIN for A Plus was revoked in June 2013, a new EFIN application was received by the IRS for a business called NN Financial. The point of contact for NN Financial was N.N., the son of BRENDA BENN who was claimed as a dependent by BENN for the 2011 and 2012 tax years. For tax year 2013 filings, KEVIN TOWNS and STEPHANIE TOWNS filed all or substantially all of the returns associated with NN Financial's EFIN.

15. In or about January 2011, KEVIN TOWNS, STEPHANIE TOWNS, and BRENDA BENN hosted a tax preparation training session during which KEVIN TOWNS instructed their seasonal preparers on how to process tax returns using the Earned Income Credit, education credits, dependent care expenses, and Schedule A and C forms. The training included how to manipulate numbers within a return in order to generate a higher tax refund.

16. During the course of the conspiracy, BENN, KEVIN TOWNS, and STEPHANIE TOWNS, separately and in conjunction, advised and assisted subordinate preparers in the preparing of false tax returns.

17. On or about January 23, 2010, BRENDA BENN prepared and caused to be prepared a false 2009 U.S. Individual Income Tax Return for L.H.

18. On or about January 19, 2011, BRENDA BENN prepared and caused to be prepared a false 2010 U.S. Individual Income Tax Return for L.H.

19. On or about January 31, 2012, KEVIN TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for D.C.

20. On or about January 30, 2013, KEVIN TOWNS prepared and caused to be prepared a false 2012 U.S. Individual Income Tax Return for D.C.

21. On or about January 24, 2012, KEVIN TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for G.R.

22. On or about February 17, 2012, KEVIN TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for H.F.

23. On or about February 16, 2013, KEVIN TOWNS prepared and caused to be prepared a false 2012 U.S. Individual Income Tax Return for H.F.

24. On or about February 21, 2012, KEVIN TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for J.A.

25. On or about February 1, 2013, KEVIN TOWNS prepared and caused to be prepared a false 2012 U.S. Individual Income Tax Return for J.A.

26. On or about January 18, 2011, KEVIN TOWNS prepared and caused to be prepared a false 2010 U.S. Individual Income Tax Return for M.H and L.H.

27. On or about January 18, 2012, KEVIN TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for M.H and L.H.

28. On or about January 30, 2013, KEVIN TOWNS prepared and caused to be prepared a false 2012 U.S. Individual Income Tax Return for M.H and L.H.

29. On or about January 24, 2014, KEVIN TOWNS prepared and caused to be prepared a false 2013 U.S. Individual Income Tax Return for M.H. and L.H.

30. On or about January 19, 2011, KEVIN TOWNS prepared and caused to be prepared a false 2010 U.S. Individual Income Tax Return for T.E.

31. On or about January 19, 2012, KEVIN TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for T.E.

32. On or about January 24, 2011, STEPHANIE TOWNS prepared and caused to be prepared a false 2010 U.S. Individual Income Tax Return for P.P.

33. On or about January 17, 2012, STEPHANIE TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for P.P.

34. On or about January 28, 2013, STEPHANIE TOWNS prepared and caused to be prepared a false 2012 U.S. Individual Income Tax Return for P.P.

35. On or about January 31, 2012, STEPHANIE TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for P.K and H.K.

36. On or about January 28, 2013, STEPHANIE TOWNS prepared and caused to be prepared a false 2012 U.S. Individual Income Tax Return for P.K and H.K.

37. On or about April 27, 2011, STEPHANIE TOWNS prepared and caused to be prepared a false 2010 U.S. Individual Income Tax Return for C.P.

38. On about January 17, 2012, STEPHANIE TOWNS prepared and caused to be prepared a false 2011 U.S. Individual Income Tax Return for C.P.

(In violation of Title 18, United States Code, Section 371.)

## COUNT TWO

On or about January 19, 2011, in the Eastern District of Virginia, defendant BRENDA BENN did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of the U.S. Individual Income Tax Return for taxpayer L.H. for the tax year 2010. The return was false and fraudulent as to a material matter, in that it represented that L.H. was entitled under the provisions of the Internal Revenue laws to

claim an education expense of $4,000, whereas, as the defendant then and there knew, taxpayer L.H. did not qualify to claim that expense.

(In violation of Title 26, United States Code, Section 7206(2).)

## COUNTS THREE THROUGH TEN

On or about the dates set forth below, in the Eastern District of Virginia, defendant KEVIN TOWNS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of U.S. Individual Income Tax Returns that were false and fraudulent as to material matters as set forth below, each filing of a return constituting a separate count of this indictment as indicated:

| Count | Date of Filing | Taxpayer | Tax Year | False Item | Falsely Claimed Amount |
|---|---|---|---|---|---|
| 3 | January 31, 2012 | D.C. | 2011 | Education Expenses | $4000 |
|   |                  |      |      | Charitable Contributions | $8335 |
| 4 | January 30, 2013 | D.C. | 2012 | Charitable Contributions | $2650 |
|   |                  |      |      | Unreimbursed Job Expenses | $3448 |
| 5 | January 18, 2011 | M.H. & L.H. | 2010 | Education Expenses | $8000 |
| 6 | January 18, 2012 | M.H. & L.H. | 2011 | Education Expenses | $8000 |
|   |                  |             |      | Charitable Contributions | $12560 |
| 7 | January 30, 2013 | M.H. & L.H. | 2012 | Charitable Contributions | $22100 |
|   |                  |             |      | Dependent Care Expenses | $3500 |
|   |                  |             |      | Unreimbursed Job Expenses | $4020 |

| Count | Date of Filing | Taxpayer | Tax Year | False Item | Falsely Claimed Amount |
|---|---|---|---|---|---|
| 8 | January 24, 2014 | M.H. & L.H. | 2013 | Charitable Contributions | $29840 |
| | | | | Dependent Care Expenses | $4470 |
| | | | | Unreimbursed Job Expenses | $3980 |
| 9 | February 21, 2012 | J.A. | 2011 | Education Expenses | $4000 |
| | | | | Medical Expenses | $4603 |
| | | | | Charitable Contributions | $7960 |
| | | | | Unreimbursed Job Expenses | $1610 |
| 10 | February 1, 2013 | J.A. | 2012 | Medical Expenses | $4902 |
| | | | | Charitable Contributions | $11860 |
| | | | | Unreimbursed Job Expenses | $1610 |

(In violation of Title 26, United States Code, Section 7206(2).)

## COUNTS ELEVEN THROUGH SEVENTEEN

On or about the dates set forth below, in the Eastern District of Virginia, defendant STEPHANIE TOWNS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of U.S. Individual Income Tax Returns that were false and fraudulent as to material matters as set forth below, each filing of a return constituting a separate count of this indictment as indicated:

| Count | Date of Filing | Taxpayer | Tax Year | False Item | Falsely Claimed Amount |
|---|---|---|---|---|---|
| 11 | January 24, 2011 | P.P. | 2010 | Education Expenses | $4000 |
| | | | | Schedule C | $10500 |
| 12 | January 17, 2012 | P.P. | 2011 | Education Expenses | $4000 |
| | | | | Schedule C | $10750 |
| 13 | January 28, 2013 | P.P. | 2012 | Schedule C | $10352 |

| Count | Date of Filing | Taxpayer | Tax Year | False Item | Falsely Claimed Amount |
|---|---|---|---|---|---|
| 14 | January 31, 2012 | P.K. & H.K. | 2011 | Education Expenses | $8000 |
| | | | | Medical Expenses | $7010 |
| | | | | Charitable Contributions | $15200 |
| | | | | Unreimbursed Job Expenses | $9906 |
| 15 | January 28, 2013 | P.K. & H.K. | 2012 | Medical Expenses | $6919 |
| | | | | Charitable Contributions | $13700 |
| | | | | Unreimbursed Job Expenses | $2262 |
| 16 | April 27, 2011 | C.P. | 2010 | Education Expenses | $4000 |
| | | | | Schedule C | $10980 |
| 17 | January 17, 2012 | C.P. | 2011 | Education Expenses | $4000 |
| | | | | Schedule C | $10980 |

(In violation of Title 26, United States Code, Section 7206(2).)

<u>UNITED STATES v. BRENDA BENN, ET AL.</u>

Criminal No. 2:17cr 30

Sealed Pursuant to the
E-Government Act of 2002

A TRUE BILL:

REDACTED COPY

_____
Foreperson

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Randy Stoker
Assistant United States Attorney
Virginia State Bar No. 73455
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331 Office
757-441-6689 Fax
randy.stoker@usdoj.gov

14